Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

JS-6

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 50105 | **DATE** | 8/12/2004 |
| **CASE TITLE** | Sullivan vs. McAdory | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]  For the reasons stated on the reverse memorandum opinion and order, the court dismisses the petition as being filed beyond the one- year limitations period and dismisses this cause in its entirety.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

/s/ Philip G. Reinhard

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | 8-13-04 date docketed | |
| ✓ | Docketing to mail notices. | | | 20 |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| ✓ | Copy to judge/magistrate judge. | | 8-13-04 date mailed notice | |
| LC | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

# MEMORANDUM OPINION AND ORDER

Petitioner, Curtis Sullivan, a state prisoner, filed this action pursuant to 28 U.S.C. § 2254, seeking to challenge his state convictions for aggravated battery with a firearm and aggravated discharge of a firearm. The State filed a motion to dismiss predicated on the one-year statute of limitations contained in 28 U.S.C. § 2254(d). Petitioner has filed a response to the motion to dismiss.

Section 2254(d) provides, in pertinent part, that a one-year limitation period shall apply to a petition for writ of habeas corpus. The limitation period shall run from the latest of certain circumstances, including the one applicable here: the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. 28 U.S.C. § 2254(d)(1)(A). This date is extended 90 days, which is the time a prisoner has following the conclusion of his direct appeal in the state court system to file a petition for writ of certiorari with the United States Supreme Court. Anderson v. Litscher, 281 F. 3d 672, 674-75 (7th Cir. 2002).

In this case, petitioner's direct review of his state-court conviction concluded on August 29, 2000, a date calculated by adding the 90-day extension for filing a petition for writ of certiorari (petitioner did not file such a petition). Ninety days later, on November 27, 2000, petitioner filed a state post-conviction petition. Thus, the statute of limitations was not tolled during the 89-day interim.

Petitioner's state post-conviction proceedings concluded on May 30, 2002, when the Illinois Supreme Court denied his petition for leave to appeal. Petitioner did not file a petition for writ of certiorari, and the time period was not tolled for an additional 90 days. See Gutierrez v. Schomig, 233 F. 3d 490, 491-92 (7th Cir. 2000). Therefore, as of May 30, 2002, petitioner had 276 days in which to file a petition pursuant to § 2254.

Instead, petitioner filed a state habeas corpus petition on July 17, 2002. The interim between May 30, 2002, and July 17, 2002, cost petitioner another 47 days, leaving him with 229 days in which to file a petition under § 2254.

Even assuming the petition for state habeas relief tolled the one-year statute of limitation (see Young v. Roth, No. 97 C 3103, 1998 WL 851502, * 2 (N.D. Ill. Dec. 3, 1998)), those proceedings concluded on June 4, 2003, when the Illinois Supreme Court denied petitioner's petition for leave to appeal. There is no authority to suggest that the 90-day extension for filing a petition for writ of certiorari would apply as this was not a direct appeal proceeding and Gutierrez would support its non-applicability. That left petitioner with 229 days from June 4, 2003, or until January 20, 2004 (the 229th day, January 19, 2004, fell on a holiday) to file his petition under § 2254. He filed it on February 19, 2004 (that is the earlier of two dates, the one asserted by the State as the filing date and the February 20, 2004, date stamped on the envelope used to mail his petition to the clerk's office). The petition having been filed beyond the one-year limitations period, the court dismisses this case.